IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-03729-PAB

JOSE LUIS CAHUEC-CANAHUI,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Jose Luis Cahuec-Canahui's *pro se* amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 4. Respondent filed a Response. Docket No. 9.

## I. BACKGROUND[1]

Petitioner is a citizen of Guatemala who has resided in the United States for approximately nineteen years. Docket No. 4 at 5. On January 10, 2026, petitioner was detained by ICE on his way to work and has remained continuously in civil immigration custody since that date. *Id*. He is currently detained at an immigration facility in Aurora, Colorado. *Id.*

On January 13, 2026, the United States District Court for the District of New Jersey ordered the government to provide petitioner with bond hearing within two

[1] The following facts are undisputed unless otherwise noted.

days. *Id.; see also Cahuec-Canahui v. Bondi,* No. 26-cv-00364-MEF (D.N.J. Jan. 13, 2026). The hearing took place on January 15, 2026, and bond was denied. *Id.*

On February 23, 2026, an immigration judge ordered petitioner removed and petitioner submitted a timely appeal, which remains pending. *Id*.

Petitioner commenced this action on August 14, 2026. Docket No. 1. On August 18, 2026, the Court ordered petitioner to submit an amended petition. Docket No. 3. Petitioner filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 10, 2026. Docket No. 4. He asserts one claim titled: "Fifth Amendment Procedural Due Process: Continued Detention Under 8 U.S.C. § 1226(a) Without a Constitutionally Adequate Current Custody Determination." *Id.* at 5. As relief, he seeks "release from ICE custody under reasonable conditions of supervision," or alternatively, "a prompt, constitutionally adequate individualized bond redetermination hearing, at which the Government bears the burden of proving that Applicant's continued detention is justified." *Id.* at 4.

On September 28, 2026, respondent filed a response that did not address the merits of petitioner's claim. Instead, respondent stated:

> For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief. Respondent submits that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Docket No. 9 at 1-2.

## II. ANALYSIS

The Tenth Circuit Court of Appeals recently has held that. "[b]ased on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to

the border." *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1240 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was being detained pursuant to § 1226(a) and was entitled to a bond hearing. *Id.* at 1251 n.13. Thus, the Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." *Id.*

Like the petitioner in *Santillan Quiroz*, the Court concludes that petitioner's detention properly falls under § 1226(a). Respondent does not dispute that petitioner is detained pursuant to 28 U.S.C. § 1226(a) or that petitioner is entitled to a bond hearing under § 1226(a). *See generally* Docket No. 9. However, the amended petition asserts that petitioner was already given a bond hearing on January 15, 2026, and that bond was denied. Docket No. 4 at 5.

Petitioner argues that the January 15 hearing "necessarily addressed [his] custody circumstances as they existed after only five days of detention. It occurred before the immigration judge ruled on the merits of the removal case, before [petitioner] appealed, and before the BIA briefing period was completed." *Id.* at 5. He further contends that he has "not received a new individualized custody determination since January 15, 2026," and that "[m]aterial circumstances have developed since the January hearing: a removal decision was entered; [petitioner] timely appealed, the BIA received [petitioner's] merits brief; the DHS briefing period expired; the appeal remained pending as of August 10, [2026]; and [petitioner] has experienced many additional months of detention." *Id.* at 6. He concludes that he has "received no new notice identifying the evidence on which the Government would rely to justify his continued detention under present circumstances"; that he "has had no custody hearing at which

he could present evidence or testimony about the later removal decision, the pending BIA appeal, the completed briefing, the additional duration of detention, or any updated release plan"; that "[n]o neutral decisionmaker has issued a reasoned, individualized custody decision addressing those later facts or explaining why continued detention remains necessary today"; that "[n]o current custody decision has considered [petitioner's] present ability to pay a monetary bond or whether less restrictive conditions . . . would reasonably address any identified risk of flight or danger." *Id.* In short, petitioner states that he "does not ask this Court to review or set aside the immigration judge's discretionary January 15 bond decision, to reweigh evidence presented at that hearing, or to set a bond amount. [Petitioner] challenges the constitutional adequacy of the process supporting his continued detention now, after prolonged detention and material later developments." *Id.*

Petitioner, however, does not provide this Court with any authority to support his contention that, having had one bond hearing that he apparently did not appeal, he is entitled to a second bond hearing based on materially changed circumstances. Because petitioner does not identify any inadequacy in the process he received, the Court will deny the amended petition.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 4] is **DENIED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED October 14, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge